JULIA B. BRACEY, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE Co., Defendant.

Civil Court of the City of New York, Kings County, December 2, 1966.

*Pokorny, Schrenzel & Pokorny (Sheridan Albert* of counsel), for plaintiff. *Freund, Kinnan, Post & Freund (David R. Crow* of counsel), for defendant.

ARTHUR S. HIRSCH, J. I hereby find and decide that this is an action based on the double indemnity provision of a life insurance policy. The policy provides *inter alia,* for the payment of an additional $5,000 in the event of death by accidental means as limited by the clauses in the policy. The pertinent part of the limitation clause at issue provides as follows: " Such benefits shall not be payable if death (1) is caused or contributed to by disease or bodily or mental infirmity or medical or surgical treatment therefor ".

The action arose out of the death of the decedent who had been admitted to the Williamsburgh General Hospital for a tonsillectomy. The operation was performed and completed and everything appeared to be satisfactory with the patient when, a short time after completion of the operation, the decedent was readmitted to the operating room and expired due to asphyxia by aspiration of blood as set forth in the medical examiner's report. The sole question here involved is whether the death was caused by or contributed to by the tonsillectomy.

In the opinion of the court, the plaintiff has failed to sustain her burden of proof to come within the purview of the double

indemnity provision since the exclusion clause is applicable to the facts in this case. In addition thereto, the record is barren of any medical conclusion other than that the tonsillectomy, which is a surgical procedure, contributed to the bleeding and death and therefore comes within the exclusion clause of the policy.